**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SUN PATENT TRUST, | § | |
| | § | |
| Plaintiff, | § | Case No. 2:20-cv-00286-JRG |
| | § | |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| HTC CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**HTC CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO THE SUN PATENT TRUST COMPLAINT**

Defendant HTC Corporation ("HTC"), by its undersigned counsel, hereby answers the complaint filed by Sun Patent Trust ("SPT" or "Plaintiff") and asserts its affirmative defenses and counterclaims. Except as otherwise expressly set forth below, HTC denies each and every allegation contained in the Complaint, including without limitation the headings, sub-headings, and footnotes contained in the Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts.

HTC specifically denies liability to SPT, and that SPT has suffered any legally cognizable damage for which HTC is responsible. HTC expressly reserves the right to amend and/or supplement its answer and defenses.

Subject to the foregoing, HTC hereby responds to each numbered paragraph of the Complaint as follows:

## THE PARTIES

1. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the complaint, and `therefore denies the same.

2.     HTC admits that it is a company duly organized and existing under the laws of Taiwan with its principal place of business at No. 88, Section 3, Zhongxing Road, Xindian District, New Taipei City 231, Taiwan.

<h2 align="center"><u>JURISDICTION AND VENUE</u></h2>

3.     HTC admits that this action includes a claim of patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  HTC also admits this Court has subject matter jurisdiction over a patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     To the extent Paragraph 4 of the Complaint states legal conclusions, no response is required.  To the extent a response is required, HTC denies the allegations in Paragraph 4 of the Complaint.

5.     To the extent Paragraph 5 of the Complaint states legal conclusions, no response is required.  To the extent a response is required, HTC denies the allegations in Paragraph 5 of the Complaint.

6.     HTC denies the allegations in Paragraph 6 of the Complaint, except states that HTC is a Taiwanese entity.

7.     HTC denies the allegations in Paragraph 7 of the Complaint, except states that HTC America, Inc., is a wholly owned subsidiary of HTC.

8.     HTC denies the allegations in Paragraph 8 of the Complaint.

9.     HTC denies the allegations in Paragraph 9 of the Complaint.

10.     HTC denies the allegations in Paragraph 10 of the Complaint.

11.     HTC denies the allegations in Paragraph 11 of the Complaint.  To the extent the allegations in Paragraph 11 of the Complaint purport to describe or quote HTC's brief, HTC

refers to its Amici Curiae Brief in Support of Petitioner in *Impression Prods., Inc. v. Lexmark Int'l, Inc.*, 137 S. Ct. 1523 (2017) (No. 15-1189) for its contents.

12.     HTC denies the allegations in Paragraph 12 of the Complaint, except states that HTC is a foreign corporation not residing in the United States.

## THE ASSERTED PATENTS

13.     HTC denies the allegations in Paragraph 13 of the Complaint, except states that, on its face, the '870 Patent bears an issue date of May 21, 2013, and the title "Wireless Communication Base Station Device, Wireless Communication Terminal Device, and Channel Allocation Method." HTC refers to the '870 Patent for its contents.

14.     HTC denies the allegations in Paragraph 14 of the Complaint, except states that, on its face, the '602 Patent bears an issue date of March 25, 2014, and the title "Terminal Device and Retransmission Control Method." HTC refers to the '602 Patent for its contents.

15.     HTC denies the allegations in Paragraph 15 of the Complaint, except states that, on its face, the '535 Patent bears an issue date of June 9, 2015, and the title "Wireless Communication Device and Method for Controlling Transmission Power." HTC refers to the '535 Patent for its contents.

16.     HTC denies the allegations in Paragraph 16 of the Complaint, except states that, on its face, the '320 Patent bears an issue date of December 27, 2016, and the title "Power-Limit Reporting in a Communication System Using Carrier Aggregation." HTC refers to the '320 Patent for its contents.

## FACTUAL ALLEGATIONS

17.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies the same.

18.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies the same.

19.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies the same.

20.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies the same.

21.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore denies the same.

22.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies the same.

23.     HTC admits that 3GPP TR 25.814 v7.1.0 (2006-09) is titled "Physical layer aspects for evolved Universal Terrestrial Radio Access (UTRA)." To the extent the allegations in Paragraph 23 of the Complaint purport to describe or quote a document, HTC refers to the document for its content.

24.     HTC admits that 3GPP TS 36.101 v10.20.0 (2015-09) is titled "Evolved Universal Terrestrial Radio Access (E-UTRA).  To the extent the allegations in Paragraph 24 of the Complaint purport to describe or quote a document, HTC refers to the document for its content.

25.     HTC admits that 3GPP TS 36.211 v10.7.0 (2013-02) is titled "Evolved Universal Terrestrial Radio Access (E-UTRA).  To the extent the allegations in Paragraph 25 of the Complaint purport to describe or quote a document, HTC refers to the document for its content.

26.     HTC admits that 3GPP TS 36.212 v10.8.0 (2013-06) is titled "Evolved Universal Terrestrial Radio Access (E-UTRA).  To the extent the allegations in Paragraph 26 of the

Complaint purport to describe or quote a document, HTC refers to the document for its content.

27.     HTC admits that 3GPP TS 36.213 v10.12.0 (2014-03) is titled "Evolved Universal Terrestrial Radio Access (E-UTRA).  To the extent the allegations in Paragraph 27 of the Complaint purport to describe or quote a document, HTC refers to the document for its content.

28.     HTC admits that 3GPP TS 36.300 v10.11.0 (2013-09) is titled "Evolved Universal Terrestrial Radio Access (E-UTRA) and Evolved Universal Terrestrial Radio Access Network (E-UTRAN).  To the extent the allegations in Paragraph 28 of the Complaint purport to describe or quote a document, HTC refers to the document for its content.

29.     HTC admits that 3GPP TS 36.321 v10.10.0 (2013-12) is titled "Evolved Universal Terrestrial Radio Access (E-UTRA).  To the extent the allegations in Paragraph 29 of the Complaint purport to describe or quote a document, HTC refers to the document for its content.

30.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies the same.

31.     HTC denies the allegations in Paragraph 31 of the Complaint.

32.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies the same.

33.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore denies the same.  HTC refers to the declarations for their contents.

34.     HTC denies the allegations in Paragraph 34 of the Complaint.

35.     HTC admits the allegations in Paragraph 35 of the Complaint.

36.     To the extent Paragraph 36 of the Complaint states legal conclusions, no response is required.  To the extent a response is required, HTC denies the allegations in Paragraph 36 of the Complaint.

37.     To the extent Paragraph 37 of the Complaint states legal conclusions, no response is required.  To the extent a response is required, HTC denies the allegations in Paragraph 37 of the Complaint.

38.     HTC denies the allegations in Paragraph 38 of the Complaint.

39.     HTC denies the allegations in Paragraph 39 of the Complaint, except that HTC refers to https://www.htc.com/us/comparison/ for its content.

40.     HTC denies the allegations in Paragraph 40 of the Complaint.  HTC refers to https://www.htc.com/us/smartphones/htc-u11/; https://www.htc.com/us/smartphones/htc-u11-life/; https://www.htc.com/us/smartphones/htcu12-plus/ for their content.

41.     HTC denies the allegations in Paragraph 41 of the Complaint, except states HTC refers to https://www.htcexodus.com/us/cryptophone/exodus1/; https://www.htcexodus.com/us/cryptophone/exodus1- binance/; and https://www.htcexodus.com/us/cryptophone/exodus1s/ for their content.

42.     HTC denies the allegations in Paragraph 42 of the Complaint.  HTC refers to https://www.htcexodus.com/us/cryptophone/exodus1/; https://www.htcexodus.com/us/cryptophone/exodus1-binance/; and https://www.htcexodus.com/us/cryptophone/exodus1s/ for their content.

43.     HTC denies the allegations in Paragraph 43 of the Complaint, except states that HTC refers to https://www.htc.com/us/5g/htc-5g-hub/ for its contents.

44.     HTC denies the allegations in Paragraph 44 of the Complaint, except states HTC

refers to https://www.htc.com/us/5g/htc-5g-hub/ for its contents.

45.     HTC denies the allegations in Paragraph 45 of the Complaint.  To the extent the allegations in Paragraph 45 of the Complaint purport to describe or quote HTC's brief, HTC refers to its *Amici Curiae* Brief in Support of Petitioner in *Impression Prods., Inc. v. Lexmark Int'l, Inc.*, 137 S. Ct. 1523 (2017), for its content.

46.     HTC denies the allegations in Paragraph 46 of the Complaint.

47.     HTC denies the allegations in Paragraph 47 of the Complaint, except states that HTC has not entered into a license with respect to the Asserted Patents.

48.     To the extent Paragraph 48 of the Complaint states legal conclusions, no response is required.  To the extent a response is required, HTC denies the allegations in Paragraph 48 of the Complaint.

49.     HTC admits the allegations in Paragraph 49 of the Complaint.

50.     HTC denies the allegations in Paragraph 50 of the Complaint, except states that HTC received a letter from SPT dated February 24, 2019.

51.     HTC denies the allegations in Paragraph 51 of the Complaint, except states that in its meeting with HTC representatives in Taiwan, SPT failed to offer HTC a license to the Asserted Patents on fair, reasonable, and non-discriminatory ("FRAND") terms.  Instead, SPT offered HTC a license to SPT's allegedly essential patents, including the Asserted Patents, only on terms that were manifestly unreasonable and wholly disproportionate to the royalty rate that SPT's patents should command under any reasonable calculus.

52.     HTC denies the allegations in Paragraph 52 of the Complaint.

53.     To the extent Paragraph 53 of the Complaint states legal conclusions, no response is required.  To the extent a response is required, HTC denies the allegations in Paragraph 53 of

the Complaint, except states that SPT provided claim charts for the other Asserted Patents ('870, '535, and '320 Patents) on March 10, 2020.

54. To the extent Paragraph 54 of the Complaint states legal conclusions, no response is required. To the extent a response is required, HTC denies the allegations in Paragraph 54 of the Complaint, except states that HTC is engaged in licensing discussions with SPT.

55. To the extent Paragraph 55 of the Complaint states legal conclusions, no response is required. To the extent a response is required, HTC denies the allegations in Paragraph 55 of the Complaint.

56. To the extent Paragraph 56 of the Complaint states legal conclusions, no response is required. To the extent a response is required, HTC denies the allegations in Paragraph 56 of the Complaint.

57. To the extent Paragraph 57 of the Complaint states legal conclusions, no response is required. To the extent a response is required, HTC denies the allegations in Paragraph 57 of the Complaint.

58. To the extent Paragraph 58 of the Complaint states legal conclusions, no response is required. To the extent a response is required, HTC denies the allegations in Paragraph 58 of the Complaint.

## COUNT ONE: INFRINGEMENT OF THE '870 PATENT

59. HTC repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

60. HTC denies the allegations in Paragraph 60 of the Complaint, except states that, on its face, U.S. Patent No. 8,446,870 ("the '870 Patent") is entitled "Wireless Communication Base Station Device, Wireless Communication Terminal Device, and Channel Allocation Method," and issued on May 21, 2013.

61.     HTC denies the allegations in Paragraph 61 of the Complaint.

62.     HTC denies the allegations in Paragraph 62 of the Complaint and refers to the '870 Patent for its content.

63.     HTC denies the allegations in Paragraph 63 of the Complaint.

64.     HTC denies the allegations in Paragraph 64 of the Complaint.

65.     HTC admits that claim 8 of the '870 Patent is reproduced in Paragraph 65 of the Complaint.

66.     HTC denies the allegations in Paragraph 66 of the Complaint.

67.     HTC denies the allegations in Paragraph 67 of the Complaint.

68.     HTC denies the allegations in Paragraph 68 of the Complaint.

69.     HTC denies the allegations in Paragraph 69 of the Complaint.

70.     HTC denies the allegations in Paragraph 70 of the Complaint.

71.     HTC denies the allegations in Paragraph 71 of the Complaint.

72.     HTC denies the allegations in Paragraph 72 of the Complaint.

73.     HTC denies the allegations in Paragraph 73 of the Complaint.

74.     HTC denies the allegations in Paragraph 74 of the Complaint.

75.     HTC denies the allegations in Paragraph 75 of the Complaint.

76.     HTC denies the allegations in Paragraph 76 of the Complaint.

77.     HTC denies the allegations in Paragraph 77 of the Complaint.

78.     HTC denies the allegations in Paragraph 78 of the Complaint.

79.     HTC denies the allegations in Paragraph 79 of the Complaint.

80.     HTC denies the allegations in Paragraph 80 of the Complaint.

81.     HTC denies the allegations in Paragraph 81 of the Complaint.

## COUNT TWO: INFRINGEMENT OF THE '602 PATENT

82.     HTC repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

83.     HTC denies the allegations in Paragraph 83 of the Complaint, except states that, on its face, U.S. Patent No. 8,681,602 ("the '602 Patent") is entitled "Terminal Device and Retransmission Control Method," and was issued on March 25, 2014.

84.     HTC denies the allegations in Paragraph 84 of the Complaint.

85.     HTC denies the allegations in Paragraph 85 of the Complaint.

86.     HTC denies the allegations in Paragraph 86 of the Complaint.

87.     HTC denies the allegations in Paragraph 87 of the Complaint.

88.     HTC admits that claim 14 of the '602 Patent is reproduced in Paragraph 88 of the Complaint.

89.     HTC denies the allegations in Paragraph 89 of the Complaint.

90.     HTC denies the allegations in Paragraph 90 of the Complaint.

91.     HTC denies the allegations in Paragraph 91 of the Complaint.

92.     HTC denies the allegations in Paragraph 92 of the Complaint.

93.     HTC denies the allegations in Paragraph 93 of the Complaint.

94.     HTC denies the allegations in Paragraph 94 of the Complaint.

95.     HTC denies the allegations in Paragraph 95 of the Complaint.

96.     HTC denies the allegations in Paragraph 96 of the Complaint.

97.     HTC denies the allegations in Paragraph 97 of the Complaint.

98.     HTC denies the allegations in Paragraph 98 of the Complaint.

99.     HTC denies the allegations in Paragraph 99 of the Complaint.

100.    HTC denies the allegations in Paragraph 100 of the Complaint.

101.    HTC denies the allegations in Paragraph 101 of the Complaint.

102.    HTC denies the allegations in Paragraph 102 of the Complaint.

103.    HTC denies the allegations in Paragraph 103 of the Complaint.

104.    HTC denies the allegations in Paragraph 104 of the Complaint.

105.    HTC denies the allegations in Paragraph 105 of the Complaint.

## COUNT THREE: INFRINGEMENT OF THE '535 PATENT

106.    HTC repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

107.    HTC denies the allegations in Paragraph 107 of the Complaint, except states that, on its face, U.S. Patent No. 9,055,535 ("the '535 Patent") is entitled "Wireless Communication Device and Method for Controlling Transmission Power," and was issued on June 9, 2015.

108.    HTC denies the allegations in Paragraph 108 of the Complaint.

109.    HTC denies the allegations in Paragraph 109 of the Complaint.

110.    HTC denies the allegations in Paragraph 110 of the Complaint.

111.    HTC denies the allegations in Paragraph 111 of the Complaint.

112.    HTC admits that claim 7 of the '535 Patent is reproduced in Paragraph 112 of the Complaint.

113.    HTC denies the allegations in Paragraph 113 of the Complaint.

114.    HTC denies the allegations in Paragraph 114 of the Complaint.

115.    HTC denies the allegations in Paragraph 115 of the Complaint.

116.    HTC denies the allegations in Paragraph 116 of the Complaint.

117.    HTC denies the allegations in Paragraph 117 of the Complaint.

118.    HTC denies the allegations in Paragraph 118 of the Complaint.

119.    HTC denies the allegations in Paragraph 119 of the Complaint.

120. HTC denies the allegations in Paragraph 120 of the Complaint.

121. HTC denies the allegations in Paragraph 121 of the Complaint.

122. HTC denies the allegations in Paragraph 122 of the Complaint.

123. HTC denies the allegations in Paragraph 123 of the Complaint.

124. HTC denies the allegations in Paragraph 124 of the Complaint.

125. HTC denies the allegations in Paragraph 125 of the Complaint.

## COUNT FOUR: INFRINGEMENT OF THE '320 PATENT

126. HTC repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

127. HTC denies the allegations in Paragraph 127 of the Complaint, except states that, on its face, U.S. Patent No. 9,532,320 ("the '320 Patent") is entitled "Power-Limit Reporting in a Communication System Using Carrier Aggregation," and was issued on December 27, 2016.

128. HTC denies the allegations in Paragraph 128 of the Complaint.

129. HTC denies the allegations in Paragraph 129 of the Complaint.

130. HTC denies the allegations in Paragraph 130 of the Complaint.

131. HTC denies the allegations in Paragraph 131 of the Complaint.

132. HTC admits that claim 1 of the '320 Patent is reproduced in Paragraph 132 of the Complaint.

133. HTC denies the allegations in Paragraph 133 of the Complaint.

134. HTC denies the allegations in Paragraph 134 of the Complaint.

135. HTC denies the allegations in Paragraph 135 of the Complaint.

136. HTC denies the allegations in Paragraph 136 of the Complaint.

137. HTC denies the allegations in Paragraph 137 of the Complaint.

138. HTC denies the allegations in Paragraph 138 of the Complaint.

139.    HTC denies the allegations in Paragraph 139 of the Complaint.

140.    HTC denies the allegations in Paragraph 140 of the Complaint.

141.    HTC denies the allegations in Paragraph 141 of the Complaint.

142.    HTC denies the allegations in Paragraph 142 of the Complaint.

143.    HTC denies the allegations in Paragraph 143 of the Complaint.

144.    HTC denies the allegations in Paragraph 144 of the Complaint.

145.    HTC denies the allegations in Paragraph 145 of the Complaint.

146.    HTC denies the allegations in Paragraph 146 of the Complaint.

147.    HTC denies the allegations in Paragraph 147 of the Complaint.

## **PRAYER FOR RELIEF**

Responding to SPT's prayer for relief, HTC denies that SPT is entitled to any relief, and specifically denies all of the allegations and prayers for relief contained in paragraphs A-F of its prayer for relief.

## **AFFIRMATIVE DEFENSES**

SPT's claims are barred in whole or in part for the reasons set forth in HTC's Counterclaims filed herewith, and HTC's Defenses set forth below incorporate the factual allegations of HTC's Counterclaims by reference.  In asserting these Defenses, HTC does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof on SPT.

HTC reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery, and expressly reserves the right to amend its Answer to assert such additional defenses.

Pursuant to Federal Rule of Civil Procedure 8(c), and without waiver, limitation, or prejudice, HTC hereby asserts the following Defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

SPT's Complaint, and each and every claim therein, fails to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

The Court lacks personal jurisdiction over HTC, which does not transact business in the state of Texas.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing)

Upon information and belief, SPT may not hold all rights in the Asserted Patent required to sue for patent infringement. If not, SPT lacks standing to bring this action for patent infringement and the Court thus lacks jurisdiction over this action.

## FOURTH AFFIRMATIVE DEFENSE
### (Improper Venue)

SPT is barred from pursuing its claims in the Eastern District of Texas because the venue is improper with respect to HTC.

## FIFTH AFFIRMATIVE DEFENSE
### (Non-Infringement)

HTC has not infringed and does not infringe, contribute or contributed to the infringement of, or actively induce or induced others to infringe any valid and enforceable claim of the Asserted Patents literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, willfully, and/or via any other mechanism of liability.

The Accused Instrumentalities listed in Paragraph 37 of the Complaint have not infringed and do not infringe any valid and enforceable claim of the Asserted Patents, literally, under the

doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, willfully, and/or via any other mechanism of liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Invalidity)

One or more claims of the Asserted Patents are invalid, void, and/or unenforceable for failure to satisfy one or more statutory or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitations of Recovery)

SPT's claim for damages is barred, in whole or in part, by a failure to satisfy the requirements of 35 U.S.C. § 287. Upon information and belief, neither Panasonic nor its licensees mark any products that practice the Asserted Patents. SPT therefore is not entitled to damages arising before filing this action, and prior to HTC being put on notice of the patents. Any claim for damages is otherwise limited by 35 U.S.C. § 286. SPT is barred under 35 U.S.C. § 288 from receiving any costs associated with this civil action.

## EIGHT FIRSTAFFIRMATIVE DEFENSE
### (No Attorney Fees or Costs)

SPT cannot prove that this is an exceptional case justifying an award of attorney fees against HTC under 35 U.S.C. § 285.

## NINTH AFFIRMATIVE DEFENSE
### (Reasonable Royalty limited by FRAND Obligations and Breach of FRAND)

SPT alleges that each of the Asserted Patents is essential to certain telecommunications standards promulgated by ETSI. SPT and/or its predecessor in interest, Panasonic, declared that certain of the Asserted Patents may be or may become essential to compliance with certain

technical specifications applicable to the Long-Term Evolution ("LTE") telecommunications standards promulgated by ETSI.  Pursuant to ETSI's Intellectual Property Rights ("IPR") Policy, SPT and/or Panasonic further declared to ETSI and its members that it will agree to grant irrevocable licenses to certain of the Asserted Patents on terms that are fair, reasonable, and non-discriminatory ("FRAND").  As a result of the standard-setting process, each of the Asserted Patents is and/or remains encumbered with FRAND obligations that are binding on SPT and/or Panasonic's alleged successors-in-interest, including SPT.  SPT's damages and/or recovery of a reasonable royalty are therefore limited to royalties that are fair, reasonable, and non-discriminatory.

SPT breached its FRAND obligations by, among other things, failing to offer HTC a license to the Asserted Patents on FRAND terms. To the extent SPT proposed to license HTC the Asserted Patents, it proposed terms that were manifestly unfair, unreasonable and discriminatory. Moreover, upon information and belief, INVT failed to offer a license, on FRAND terms or otherwise, to one or more manufacturers or suppliers of the components in which the Asserted Patents, if infringed at all (which they are not), are embodied.

SPT further breached its FRAND obligations by, among other actions, attempting to assert patents that are unenforceable due to untimely disclosure, or outright failure to disclose, to ETSI.

SPT's failure to comply with its FRAND licensing obligations, constitutes a breach of SPT's FRAND duties, which HTC has standing to assert as an intended third-party beneficiary of those duties.  Further, SPT's failure to comply with its FRAND obligations estops SPT from enforcing the Asserted Patents against HTC.  SPT has waived its rights to enforce certain of the Asserted Patents by, among other things, upon information and belief, belatedly disclosing such

Asserted Patents to ETSI. Additionally, SPT's failure to comply with its FRAND obligations constitutes patent misuse and unclean hands, which preclude SPT from obtaining relief in this action.

## TENTH AFFIRMATIVE DEFENSE
### (Waiver Through Failure to Timely Disclose the Asserted Patents to ETSI)

Upon information and belief, Panasonic and/or SPT failed to timely disclose one or more of the Asserted Patents (or patents or patent applications within the same families) in accordance with the requirements of the ETSI IPR Policy. Clause 4.1 of the ETSI IPR Policy required, at all relevant times, that "each MEMBER shall use its reasonable endeavors, in particular during the development of a STANDARD or TECHNICAL SPECIFICATION where it participates, to inform ETSI of ESSENTIAL IPRs in a timely fashion. In particular, a MEMBER submitting a technical proposal for a STANDARD or TECHNICAL SPECIFICATION shall, on a bona fide basis, draw the attention of ETSI to any of that MEMBER's IPR which might be ESSENTIAL if that proposal is adopted." Accordingly, under ETSI's IPR Policy, Panasonic and its successors-in-interest, including SPT, had, at all relevant times, a duty to timely disclose allegedly essential patents in a timely fashion.

Upon information and belief, Panasonic violated ETSI's disclosure requirement and breached its obligations to ETSI, ETSI members, ETSI and/or 3GPP participants, and implementers of the relevant standards promulgated by ETSI and/or 3GPP by failing timely to disclose the existence of its claimed IPR during the development of LTE standards, while advocating for the adoption of technologies into the LTE standards that it apparently believed were covered by the Asserted Patents. Panasonic's standards-setting misconduct constitutes a waiver of Panasonic's rights—as well as the rights of Panasonic's successors-in-interest to the

Asserted Patents, including SPT—to enforce any declared-essential or allegedly essential patents against any entity practicing the standards.

Upon information and belief, SPT violated ETSI's disclosure requirement and breached its obligations to ETSI, ETSI members, ETSI and/or 3GPP participants, and implementers of the relevant standards promulgated by ETSI and/or 3GPP by failing timely to disclose at least certain of the Asserted Patents to ETSI. SPT's standards-setting misconduct constitutes a waiver of its rights to enforce any declared-essential or allegedly essential patents against any entity practicing the standards. Thus, this waiver renders the Asserted Patents unenforceable against HTC.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Unenforceability)**

One or more of the Asserted Patents are unenforceable against HTC because of the doctrines of estoppel, promissory estoppel, laches, unclean hands, implied license, waiver (including implied waiver), and/or other equitable doctrines. SPT has engaged in standards-setting misconduct, including without limitation SPT's breach of its commitments to license declared-essential and/or allegedly essential patents on FRAND terms, and, upon information and belief, further including without limitation SPT's failure to timely disclose the Asserted Patents to ETSI.

**TWELFTH AFFIRMATIVE DEFENSE**
**(License and Patent Exhaustion)**

To the extent that the Asserted Patents are found to be essential to any ETSI or 3GPP standard, and to the extent that any of the alleged inventions described in and allegedly covered by the Asserted Patents are used, manufactured, or sold by or for HTC, its suppliers, and/or its customers, HTC has a license to the Asserted Patents pursuant to STP's obligation to license

HTC the Asserted Patents on FRAND terms; or, in the alternative, HTC has the irrevocable right to a license on FRAND terms to the Asserted Patents.

Upon information and belief, one or more of the manufacturers or suppliers of any component or subsystem allegedly embodying the purportedly claimed inventions of the Asserted Patents are licensed to practice those claimed inventions, and therefore STP's claims are barred under the doctrine of patent exhaustion.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

SPT has failed to join one or more indispensable parties to this action, including the supplier of the accused devices and/or components.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Willful Infringement)

HTC has not willfully infringed any asserted patents. For example, SPT is not entitled to receive enhanced damages due to an alleged willful infringement finding because SPT committed to license the asserted patents on FRAND terms and conditions, and thus HTC cannot be found to have willfully infringed the patents. SPT has also violated this commitment by failing to offer HTC a license on FRAND terms prior to bringing this action, and/or by failing to timely disclose one or more of the Asserted Patents to ETSI, precluding a finding of willful infringement.

### RESERVATION OF RIGHTS

HTC reserves the right to assert and rely upon any additional defenses that discovery may reveal. HTC reserves the right to amend or to seek to amend its Answer and/or Defenses.

### JURY DEMAND

HTC admits that SPT demands a trial by jury on all issues so triable. HTC demands a trial by jury on all issues so triable.

## HTC's COUNTERCLAIMS

Counterclaim-Plaintiff HTC Corporation, by its undersigned counsel, with knowledge with respect to their own acts and on information and belief as to other matters, assert the following allegations and Counterclaims against Sun Patent Trust ("SPT"). HTC reserves the right to assert additional counterclaims, as warranted by facts revealed through investigation and discovery.

## NATURE OF THE ACTION

1. These Counterclaims arise from SPT's baseless allegations of infringement of United States Patent Nos. 8,446,870 ("the '870 Patent"); 8,681,602 ("the '602 Patent"); 9,055,535 ("the '535 Patent"); and 9,532,320 ("the '320 Patent")(collectively, "the Asserted Patents").

2. An actual case or controversy exists between the parties concerning the infringement, validity, and enforceability of one or more claims of the Asserted Patents.

3. HTC, by its Answer, has asserted and continues to assert that it does not infringe any valid and enforceable claim the '870 Patent, the '602 Patent, the '535 Patent, and/or the '320 Patent; and that some or all of the claims of the '870 Patent, the '602 Patent, the '535 Patent, and/or the '320 Patent are invalid. Accordingly, HTC seeks: (1) a judicial declaration that the '870 Patent is invalid; (2) a judicial declaration that HTC does not infringe the '870 Patent; (3) a judicial declaration that the '602 Patent is invalid; (4) a judicial declaration that HTC does not infringe the '602 Patent; (5) a judicial declaration that the '535 Patent is invalid; (6) a judicial declaration that HTC does not infringe the '535 Patent; (7) a judicial declaration that the '320 Patent is invalid; (8) a judicial declaration that HTC does not infringe the '320 Patent; (9) a jury trial on all issues so triable; and (10) all other relief requested herein.

## THE PARTIES

4.     Counterclaim Plaintiff HTC Corporation ("HTC") is a Taiwanese corporation having its principal place of business at No. 88, Section 3, Zhongxing Road, Xindian District, New Taipei City 231, Taiwan.

5.     Upon information and belief, Sun Patent Trust ("SPT") is a Delaware statutory trust with  its principal place of business at 437 Madison Avenue, 35th Floor, New York, New York 10022.

## JURISDICTION AND VENUE

6.     This Court has subject-matter jurisdiction over HTC's Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

7.     HTC seeks, among other things, declaratory relief pursuant to 28 U.S.C. §§ 2201–2202 and Federal Rule of Civil Procedure 57.

8.     SPT has subjected itself to this Court's exercise of personal jurisdiction for purposes of HTC's Counterclaims by filing this action in this District.  HTC does not waive its right to assert this Court does not have personal jurisdiction over HTC.

9.     Although this District is not the most convenient forum for this case, HTC has brought these Counterclaims in this District in response to SPT's infringement claims.  SPT has consented to venue in this District by bringing this action against HTC in this Court.  In addition, SPT has alleged that venue is proper in this District.  HTC does not waive its right to assert that venue in this district is improper and/or inconvenient for SPT's claims.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '870 Patent

10.      HTC restates, re-alleges, and incorporates by reference in their entirety each of the allegations set forth above as if fully set forth herein.

11.      In its Complaint, SPT alleges that HTC infringes the '870 Patent.

12.      HTC alleges that it does not infringe one or more valid and enforceable claims of the '870 Patent, directly, indirectly, contributorily, by inducement, literally, under the doctrine of equivalents, or in any other matter. Thus, there is a dispute between the parties concerning whether HTC infringes the '870 Patent.

13.      To resolve the legal and factual questions raised by SPT and to afford relief from the uncertainty and controversy that SPT's allegations have created, HTC is entitled to declaratory judgment that is has not infringed and is not infringing any valid, enforceable claim of the '870 Patent.

14.      By reason of the foregoing, an actual controversy exists between the parties regarding the allegations of infringement of the Asserted Patents, and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

15.      Discovery has not commenced in this action, and HTC reserves the right to assert additional grounds of non-infringement in support of its Counterclaims.

## SECOND COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '870 Patent

16.      HTC restates, re-alleges, and incorporates by reference in their entirety each of the allegations set forth above as if fully set forth herein.

17.     HTC alleges that one or more claims of the '870 Patent are invalid for failure to comply with one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

18.     To resolve the legal and factual questions raised by SPT and to afford relief from the uncertainty and controversy that SPT's allegations have created, HTC is entitled to declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '870 Patent.

19.     By reason of the foregoing, an actual controversy exists between the parties regarding whether claims of the '870 Patent are invalid, and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

20.     HTC hereby requests a declaratory judgment adjudicating its rights with respect to the Asserted Patents.

21.     Discovery has not commenced in this action, and HTC reserves the right to assert additional grounds of invalidity in support of its Counterclaims.

## THIRD COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '602 Patent

22.     HTC restates, re-alleges, and incorporates by reference in their entirety each of the allegations set forth above as if fully set forth herein.

23.     In its Complaint, SPT alleges that HTC infringes the '602 Patent.

24.     HTC alleges that it does not infringe one or more valid and enforceable claims of the '602 Patent, directly, indirectly, contributorily, by inducement, literally, under the doctrine of

equivalents, or in any other matter. Thus, there is a dispute between the parties concerning whether HTC infringes the '602 Patent.

25. To resolve the legal and factual questions raised by SPT and to afford relief from the uncertainty and controversy that SPT's allegations have created, HTC is entitled to declaratory judgment that is has not infringed and is not infringing any valid, enforceable claim of the '602 Patent.

26. By reason of the foregoing, an actual controversy exists between the parties regarding the allegations of infringement of the Asserted Patents, and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27. Discovery has not commenced in this action, and HTC reserves the right to assert additional grounds of non-infringement in support of its Counterclaims.

## FOURTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '602 Patent

28. HTC restates, re-alleges, and incorporates by reference in their entirety each of the allegations set forth above as if fully set forth herein.

29. HTC alleges that one or more claims of the '602 Patent are invalid for failure to comply with one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

30. To resolve the legal and factual questions raised by SPT and to afford relief from the uncertainty and controversy that SPT's allegations have created, HTC is entitled to declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '602 Patent.

31.     By reason of the foregoing, an actual controversy exists between the parties regarding whether claims of the '602 Patent are invalid, and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

32.     HTC hereby requests a declaratory judgment adjudicating its rights with respect to the Asserted Patents.

33.     Discovery has not commenced in this action, and HTC reserves the right to assert additional grounds of invalidity in support of its Counterclaims.

## FIFTH COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '535 Patent

34.     HTC restates, re-alleges, and incorporates by reference in their entirety each of the allegations set forth above as if fully set forth herein.

35.     In its Complaint, SPT alleges that HTC infringes the '535 Patent.

36.     HTC alleges that it does not infringe one or more valid and enforceable claims of the '535 Patent, directly, indirectly, contributorily, by inducement, literally, under the doctrine of equivalents, or in any other matter.  Thus, there is a dispute between the parties concerning whether HTC infringes the '535 Patent.

37.     To resolve the legal and factual questions raised by SPT and to afford relief from the uncertainty and controversy that SPT's allegations have created, HTC is entitled to declaratory judgment that is has not infringed and is not infringing any valid, enforceable claim of the '535 Patent.

38.     By reason of the foregoing, an actual controversy exists between the parties with regard to the allegations of infringement of the Asserted Patents, and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

39.     Discovery has not commenced in this action, and HTC reserves the right to assert additional grounds of non-infringement in support of its Counterclaims.

## SIXTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '535 Patent

40.     HTC restates, re-alleges, and incorporates by reference in their entirety each of the allegations set forth above as if fully set forth herein.

41.     HTC alleges that one or more claims of the '535 Patent are invalid for failure to comply with one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

42.     To resolve the legal and factual questions raised by SPT and to afford relief from the uncertainty and controversy that SPT's allegations have created, HTC is entitled to declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '535 Patent.

43.     By reason of the foregoing, an actual controversy exists between the parties regarding whether claims of the '535 Patent are invalid, and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

44.     HTC hereby requests a declaratory judgment adjudicating its rights with respect to the Asserted Patents.

45.     Discovery has not commenced in this action, and HTC reserves the right to assert additional grounds of invalidity in support of its Counterclaims.

## SEVENTH COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '320 Patent

46.     HTC restates, re-alleges, and incorporates by reference in their entirety each of the allegations set forth above as if fully set forth herein.

47.     In its Complaint, SPT alleges that HTC infringes the '320 Patent.

48.     HTC alleges that it does not infringe one or more valid and enforceable claims of the '320 Patent, directly, indirectly, contributorily, by inducement, literally, under the doctrine of equivalents, or in any other matter. Thus, there is a dispute between the parties concerning whether HTC infringes the '320 Patent.

49.     To resolve the legal and factual questions raised by SPT and to afford relief from the uncertainty and controversy that SPT's allegations have created, HTC is entitled to declaratory judgment that is has not infringed and is not infringing any valid, enforceable claim of the '320 Patent.

50.     By reason of the foregoing, an actual controversy exists between the parties regarding the allegations of infringement of the Asserted Patents, and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

51.     Discovery has not commenced in this action, and HTC reserves the right to assert additional grounds of non-infringement in support of its Counterclaims.

## EIGHTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '320 Patent

52.     HTC restates, re-alleges, and incorporates by reference in their entirety each of the allegations set forth above as if fully set forth herein.

53.     HTC alleges that one or more claims of the '320 Patent are invalid for failure to comply with one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

54.     To resolve the legal and factual questions raised by SPT and to afford relief from the uncertainty and controversy that SPT's allegations have created, HTC is entitled to declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '320 Patent.

55.     By reason of the foregoing, an actual controversy exists between the parties regarding whether claims of the '320 Patent are invalid, and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

56.     HTC hereby requests a declaratory judgment adjudicating its rights with respect to the Asserted Patents.

57.     Discovery has not commenced in this action, and HTC reserves the right to assert additional grounds of invalidity in support of its Counterclaims.

## **REQUEST FOR RELIEF**

WHEREFORE, HTC requests the entry of a judgment:

A.     Declaring that the '870 Patent, the '602 Patent, the '535 Patent and/or the '320 Patent are invalid;

B.     Declaring that HTC has not infringed and is not infringing the '870 Patent, the '602 Patent, the '535 Patent and/or the '320 Patent in any manner;

C.     Dismissing SPT's Complaint in its entirety with prejudice;

D.     Entering a judgment awarding HTC its expenses, costs, and attorney fees under applicable laws;

E.     Declaring that this case is exceptional and awarding attorney fees and costs pursuant to 35 U.S.C. § 285; and

F.     Granting HTC such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(c), HTC demands a jury trial on all issues triable by a jury.

Dated: December 14, 2020

Respectfully submitted,

By: */s/ Harry L. Gillam, Jr.*
Harry L. Gillam, Jr
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone:  903-934-8450
Facsimile: 903-934-9257
gil@gillamsmithlaw.com

Stephen S. Korniczky
skorniczky@sheppardmullin.com
Martin R. Bader
mbader@sheppardmullin.com
Ericka J. Schulz
eschulz@sheppardmullin.com
**SHEPPARD MULLIN RICHTER &
HAMPTON LLP**
12275 El Camino Real, Suite 200
San Diego, CA. 92130
Telephone: 858-720-8900
Facsimile: 858-509-3691

***Counsel for Defendant
HTC Corporation***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this 14th day of December 2020.

*/s/ Harry L. Gillam, Jr.*
Harry L. Gillam, Jr